# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

___

SHAMAL L. SUTHAR,

                        Plaintiff,

-vs-                                      DECISION & ORDER

EASTMAN KODAK COMPANY, GLOBAL
BENEFITS ORGANIZATION EASTMAN KODAK      09-CV-6403-CJS
COMPANY,

                        Defendants.

___

**APPEARANCES**

For Plaintiff:                       David A. Merkel, Esq.
                                     Merkel and Merkel
                                     701 Mount Hope Avenue
                                     Rochester, NY 14620
                                     (585) 454-4400

                                     Gregory J. McKay, Esq.
                                     Peter H. Burke, Esq.
                                     Burke Harvey & Frankowski LLC
                                     One Highland Place
                                     2151 Highland Avenue, Suite 120
                                     Birmingham, AL 35205
                                     (205) 930-9091

For Defendants:                 Margaret A. Clemens, Esq.
                                     Littler Mendelson, P.C.
                                     160 Linden Oaks Suite C
                                     Rochester, NY 14625
                                     (585) 955-8895

## INTRODUCTION

**Siragusa, J.** This Employment Retirement Income Security ("ERISA") case is before the Court on Defendants' motion (Docket No. 15) to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the application is granted and the case is dismissed.

## FACTUAL BACKGROUND

Plaintiff filed a complaint in the U.S. District Court, Northern District of Alabama, on May 27, 2009. Defendants successfully brought a change of venue motion, and the matter is now pending in this Court. On August 20, 2009, Defendants filed their motion to dismiss, arguing that, (1) on the ERISA claim, Plaintiff failed to exhaust administrative remedies and was beyond the statute of limitations, and that (2) on the estoppel claim, he had not properly plead an essential element. The complaint contains the following allegations relevant to Defendants' arguments:

> 5. Suthar was an employee of Kodak from 1966 until 1991. In 1991, Kodak offered its employees a Golden Parachute retirement package. Employees that accepted this retirement package would be eligible to receive a lump sum payment and would also receive covered health insurance for the employee and his or her spouse for their lifetime. Employees only had a certain amount of time to accept the Golden parachute plan, and those who did not, would be subject to a different retirement plan.
>
> 6. Suthar accepted the Golden Parachute retirement package and received a lump sum settlement. He also enjoyed free health insurance for himself and his wife after he retired from Kodak pursuant to the terms of the Golden Parachute retirement package.
>
> 7. At Kodak's request, after accepting the Golden parachute retirement package, Suthar remained working for a few months at Kodak. Suthar did so entirely as an accommodation to Kodak and Kodak informed Suthar that his remaining on the job for an extra few months would have no effect on his retirement benefits.
>
> 8. After Suthar left Kodak he and his wife received free health insurance pursuant to the terms of the Golden Parachute retirement plan. For a

significant number of years, Kodak treated Suthar as being retired under the Golden Parachute retirement plan and paid Suthar benefits in accordance with the terms of the Golden parachute plan. Kodak is now estopped from claiming otherwise.

9. In 2008, Kodak made changes to a plan that covered workers who did not participate in the Golden Parachute retirement plan. Kodak erroneously informed Suthar that the new changes would apply to him and his wife.

10. Suthar wrote Kodak explaining that he was not subject to the terms of that plan because he was subject to the terms of the Golden Parachute retirement plan. Kodak has now denied that Suthar is a participant in the Golden Parachute plan and instead has treated Suthar as being subject to the other plan.

11. Suthar has incurred expenses as a result of Kodak's refusal to treat him as being governed by the terms of the Golden Parachute retirement plan. Suthar will continue to incur additional expenses relating to health care for himself and his wife.

12. Suthar has exhausted his administrative remedies.

(Complaint ¶¶ 5–12.)

## STANDARDS OF LAW

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 1964-65 (citations and internal quotations omitted). *See also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*)

(footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 2007 WL 1717803 (2d Cir. Jun. 14, 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)). As the Supreme Court clarified in *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009):

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S. Ct. at 1949–50.

Both parties have relied upon documents outside the complaint in support of their positions. As the Court of Appeals stated, "[f]or purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference…and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the" *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citation omitted). *See also Bausch & Lomb, Inc. ERISA Litig.*, No. 06-CV-6297, 2008 U.S. Dist. LEXIS 106269 (W.D.N.Y. Dec. 12, 2008), The court relied on documents outside the complaint to decide the issues on a motion to dismiss. Consequently, the Court will rely on the plan documents and correspondence between Plaintiff and the plan in deciding this motion.

## ANALYSIS

The recent rulings by the Supreme Court in *Twombly* and *Iqubal* have tightened the pleading standards in civil cases. *See, e.g., Flowers v. City of New York*, No. 08 Civ. 8799(CM), 2009 WL 3415153 (S.D.N.Y. Oct. 22, 2009) (referring to the "recent tightening of the standard for pleading a claim" in light of the *Twombly* and *Iqubal* rulings); Douglas G. Smith, The *Twombly* Revolution?, 36 Pepperdine Law Review 1063, 1064 (May 2009) ("the Court articulates a standard that requires more searching scrutiny of the pleadings, which now must not merely put a defendant on 'notice' of the claims against it, but must state those claims in a manner that demonstrates that plaintiffs' entitlement to relief is 'plausible'."). Defendants contend that Plaintiff retired from Kodak with a special retirement program known as the Resource Redeployment and Retirement program ("RRR"). The RRR program provided enhanced pension benefits which Defendants claim Plaintiff has received. In addition, Plaintiff received medical benefits under the Kodak Medical

Assistance Plan ("KMAP"), but that on August 1, 2008, Kodak sent letters to Plaintiff and other retirees informing them of changes to KMAP, which could increase the costs of coverage under the plan.

In this case, despite Plaintiff's counsel's arguments to the contrary, the Court is convinced that the plan documents show conclusively that Plaintiff is unable to allege, let alone prove, that he met ERISA's exhaustion requirements. KMAP required that any claims (outside of routine payment of benefits), ""must be filed with the Claims Reviewer…within 60 days of the date the person knows or with reasonable diligence should know that there is an issue, dispute, problem or other Claim of any kind with respect to the Plan." (Obstarczyk Decl., Ex. D § 11.5(c)(2)). Further, KMAP specifics that claims, "arising out of a Plan amendment or change, a person is deemed to know there is an issue, dispute, problem or other Claim of any kind with respect to the Plan on the date the amendment or change is first communicated to Participants (even if such date is prior to the effective date of the amendment or change)." (*Id.*) KMAP first communicated the claims process in a July 2006 Summary of Material Changes ("You & Kodak, Benefits Update, July 2006) (Obstarczyk Decl. Ex. F) and reminded all KMAP participants of the requirements in an August 1, 2008, letter addressed to Plaintiff in Birmingham which communicated the change to which Plaintiff now objects:

> Q12: I don't believe these changes should apply to my individual situation. What should I do?
>
> A12: Challenges to benefit plan changes must be made through the applicable plan's claims and appeals process, which is described in the July 2006 You & Kodak Benefits Update. The Update describes where to mail claims and the deadline, which for the changes described in the enclosed letter is October 1, 2008. You must send a letter (an email or phone call is not sufficient) to the address provided in the Update or you will not have properly

> filed your claim. Note that the applicable plan documents prohibit group c1aims-each person with a claim must file it individually by October 1, 2008, as each person's circumstances can be different and need to be separately investigated by the applicable plan administrator. Another person may file a claim on your behalf only if you have provided that person with proper written authorization, such as a power of attorney, to do so.

(Obstarczyk Decl. Ex. H, at 4 (Docket No. 15-3, at 84 of 107).) Plaintiff did not submit his claim to the KMAP plan administrator until December 2008. (Pl. Mem. of Law 10.) Plaintiff cannot plausibly deny that he received adequate notice of the claims procedures and that he could have employed them to raise his claim that the changes did not apply to him. As this Court has previously written:

> The Court of Appeals for the Second Circuit has noted several times the existence of a "firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases." *Alfarone v. Bernie Wolff Constr. Corp.*, 788 F.2d 76, 79 (2d Cir. 1986) *cert. denied*, 479 U.S. 915 (1986); *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 219 (2d Cir. 2006); *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 140 (2d Cir. 2000); *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993). "Unless a 'clear and positive showing' is made that it would be futile for the claimant to pursue her claim through the internal claims process, 'that remedy must be exhausted prior to the institution of litigation.'" *Eastman Kodak*, 452 F.3d at 219 (quoting *Jones*, 223 F.3d 130 at 140 (internal quotation marks omitted)).

*Klotz v. Xerox Corp.*, 557 F. Supp. 2d 400, 407 (W.D.N.Y. 2008), *aff'd Klotz v. Xerox Corp.*, No. 08-3214-cv, 332 Fed. Appx. 668 (2d Cir. Jun. 5, 2009). Nothing plead in the complaint shows that Plaintiff timely exhausted his administrative remedies under the KMAP. Plaintiff's contention that he believed the changes at issue did not apply to him is belied by the August 1, 2008 letter addressed specifically to him, and by the mention in that letter that the changes applied to anyone who retired after October 1, 1991, a category into which Plaintiff fell. Moreover, the August 2008 letter put Plaintiff on notice of the requirement that he file a claim if he thought the changes did not apply to him. In that

regard, Plaintiff's complaint does not make a plausible showing that it would have been futile for him to make such claim and follow through the administrative process with KMAP's administrator. Consequently, Plaintiff's failure to exhaust administrative remedies means that his ERISA lawsuit cannot go forward and must be dismissed.

**CONCLUSION**

For the reasons stated above, Defendants' motion (Docket No. 15) to dismiss the complaint is granted and the Clerk is directed to close the case.

IT IS SO ORDERED.

Dated: April 28, 2010
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge